## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| **LIBRE BY NEXUS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 17-cv-1460 (APM)** |
| | ) | |
| **BUZZFEED, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OPINION

### I.

In this defamation action, the court previously dismissed Plaintiff Libre by Nexus'

Amended Complaint on the ground that "the specific theory of falsity that Plaintiff advances is not

supported by the factual allegations that it makes." *Libre By Nexus v. Buzzfeed, Inc.*, 311 F. Supp.

3d 149, 157 (D.D.C. 2018). Thereafter, with the court's consent, Plaintiff filed a Second Amended

Complaint. *See* Second Am. Compl., ECF No. 16 [hereinafter Second Am. Compl.]. So far as the

court can tell, the two complaints are nearly identical. The only change appears in paragraph ten,

which more fully quotes from the letter, dated November 20, 2015,[1] from U.S. Immigration and

Customs Enforcement ("ICE") to Representative Norma Torres ("ICE Letter"). *Compare* Am.

Compl., ECF No. 2, ¶ 10 *with* Second Am. Compl. ¶ 10.[2] Plaintiff also attaches a complete copy

---

[1] The Amended Complaint fixed the date of the letter as November 15, 2015, whereas the Second Amended Complaint and the exhibit confirm the actual date to November 20, 2015.

[2] Because the court comprehensively set forth in its prior decision the allegations of the Amended Complaint, it does not repeat them here. Rather, the court focuses only on the modified allegation contained in paragraph ten of the Second Amended Complaint.

of that correspondence. *See* Second Am. Comp., Ex. A, ECF No. 16-1 [hereinafter ICE Letter].

Thus, the limited excerpt of the ICE Letter quoted in paragraph ten of the previously dismissed

pleading is now available in full context. In pertinent part, the ICE Letter states:

5. [Question:] What steps is ICE taking to ensure detainees upon release are not being tricked into paying a bail bond company when paying such bond is not required?

   [Answer:] Upon release from ICE detention, ICE explains the conditions of the release and specific reporting requirements associated with their form of release. If a bond is not required but an attempt is made to post one, ICE will not accept it.

6. [Question:] If state or federal statute is silent on this issue, what legal authority would ICE need to investigate those entities contacting ICE detainees and prosecute those acting inappropriately?

   [Answer:] **Absent a circumstance alleging a criminal violation**, *ICE has no legal authority to investigate or prosecute bail bond companies or other related service providers regarding allegations of inappropriate conduct between two private parties such as an indemnitor and bond company.*

ICE Letter at 2–3 (emphases added).

In paragraph ten of his prior complaint, Plaintiff included the italicized text but omitted the

bolded text. Plaintiff originally alleged that the italicized text "establishes beyond any reasonable

doubt that Nexus was not under investigation by ICE." Am. Compl. ¶ 10. Also, in response to the

original motion to dismiss, Plaintiff argued that the italicized text proves that Defendants'

publication on July 23, 2016 ("the Buzzfeed Article"),[3] was "false and defamatory," because

Defendants knew, based on the ICE Letter, that ICE in fact lacked the legal authority to investigate

---

[3] The Buzzfeed Article stated in relevant part: "Libre by Nexus had already been investigated in 2013 by . . . ICE's Homeland Security Investigations (HSI) unit for allegedly targeting undocumented immigrants in custody and fraudulently charging them a fee for services." Def.'s Mot. to Dismiss, ECF No. 6 [hereinafter Def.'s Mot.], Ex. A to Bowman Decl., ECF No. 6-2, at 6 [hereinafter Bowman Decl.].

or prosecute Plaintiff. *See Libre By Nexus*, 311 F. Supp. 3d at 156. The court ultimately held otherwise.

In its present pleading, Plaintiff repeats almost verbatim the allegation that it made before. The ICE Letter, Plaintiff avers, "establishes beyond any reasonable doubt that ICE declined to investigate Libre because it lacked authority to do so." Second Am. Comp. ¶ 10. And, once more, in response to Defendants' renewed motion to dismiss, Plaintiff insists that the italicized portion of the ICE Letter establishes the falsity of Defendants' reporting that ICE had investigated Plaintiff's business practices. *See* Pl.'s Opp'n to Defs.' Mot., ECF No. 20 [hereinafter Pl.'s Opp'n], at 4.

As before, the court will grant Defendants' Motion to Dismiss, albeit this time *with* prejudice.

II.

A.

Plaintiff's addition of the full ICE Letter to the present complaint does not help establish the falsity of Defendants' reporting. If anything, it hurts Plaintiff's cause.

Plaintiff's theory of falsity is the same as before: The ICE Letter demonstrates that ICE lacked the legal authority to conduct the kind of investigation that Defendants reported. But the ICE Letter says just the opposite. Taken together, in Questions 5 and 6, Representative Torres asked: If federal or state statutory authority is lacking for ICE to investigate bonding companies that defraud ICE detainees by tricking them into paying a bond, what legal authority would ICE need to undertake and prosecute such conduct? ICE answered in response to Question 6: "Absent a circumstance alleging a criminal violation, ICE has no authority to investigate or prosecute bail bond companies or other related service providers regarding allegations of inappropriate conduct

3

between two private parties such as an indemnitor and bond company." ICE Letter at 3. This response is entirely consistent with the Buzzfeed Article. Defendants reported that ICE had undertaken, but ultimately closed, an investigation of Plaintiff "for allegedly targeting undocumented immigrants in custody and fraudulently charging them a fee for services." Bowman Decl., at 5. The introductory clause of ICE's response to Question 6—"[a]bsent a circumstance alleging a criminal violation"— confirms that ICE does have the power to pursue an investigation of an alleged criminal violation. Plaintiff conveniently left this introductory clause out of the previous Amended Complaint. Accordingly, Plaintiff's theory of falsity—that ICE lacked the legal authority to investigate Plaintiff's business practices—is implausible.

Plaintiff's only response is to say that the Buzzfeed Article remains false because "Buzzfeed made no effort to establish that an actual and credible allegation of a criminal violation was made against Libre." Pl.'s Opp'n at 4. But Defendants' reporting made no representation about whether the investigation that ICE had conducted was based on a *credible* allegation or not. It said only that ICE's investigation related to an "alleged" fraud against undocumented immigrants. Nothing in the law requires a news organization to first establish the bona fides of the allegations underlying a federal investigation before it reports on the existence of the investigation itself. The rule for which Plaintiff appears to advocate runs head long into the fair report privilege and, if accepted, would effectively put the media in a straightjacket when it comes to reporting on law enforcement investigations. *See BuzzFeed, Inc. v. U.S. Dep't of Justice*, 318 F. Supp. 3d 347, 351 (D.D.C. 2018) (observing that that the fair report privilege "generally shields persons from liability for publishing fair and accurate reports of official government proceedings"). The First Amendment does not countenance Plaintiff's requested result.

4

Accordingly, just like its earlier complaint, Plaintiff's Second Amendment Complaint fails to allege facts that would support a plausible inference that Defendants' reporting about ICE's investigation of Plaintiff was false.

B.

Because the Second Amended Complaint fails to plausibly plead falsity, it also does not make out a plausible allegation of actual malice. *See* Second Am. Compl. ¶ 15 (alleging application of actual malice standard); *see also Deripaska v. Associated Press*, 282 F.Supp.3d 133, 143–44 (D.D.C. 2017) (rejecting argument that a plaintiff need not allege facts to support actual malice where the plaintiff was a limited-purpose public figure). Plaintiff argues that actual malice can be inferred "from the alleged facts that BuzzFeed was in possession of the [ICE Letter], wherein ICE states it has not investigated Libre's business practices." Pl.'s Opp'n at 5. That argument is wrong for two reasons. First, the ICE Letter does not say that ICE "has not investigated Libre's business practices." *Id*. The ICE Letter is silent on that fact question. Second, for the reasons already discussed, Defendants' mere possession of the ICE Letter would not have caused them to question whether ICE had the legal authority to investigate Plaintiff's business practices.

Therefore, because the Second Amended Complaint fails to sufficiently plead actual malice, the court grants Defendants' motion for that additional reason.

III.

For the foregoing reasons, Defendants' Motion to Dismiss is granted.  The court dismisses this action with prejudice, as Plaintiff has now failed twice to make out a plausible claim of defamation.

A final, appealable order accompanies this Memorandum Opinion.

Dated:  December 13, 2018

Amit P. Mehta
United States District Judge